OPINION OF THE COURT — BY
CHIEF JUSTICE HAMPTON.
By the 25th section of the supreme court law, revised code, 155, it is provided, “and where any person, plaintiff or defendant, in any suit depending in the said court; shall be dead, it shall he lawful for the clerk of the said court, during the recess of the court, upon application, to issue proper process to enable the court to proceed toa final judgment or decree in the names of the representatives of such deceased persons.” The process which would be a proper one in such case as contemplated by the act, would be scire facias, There could be no doubt of this, if the parties reside within the jurisdiction of the court, and perhaps it should be the only one in all cases issued by the clerk, without the instruction of the court, on the return of which into court, endorsed by the sheriff “non est inventus,” the court would probably order publication. But on a proper showing, they have thought proper to do so in the first instance, and we can see no reason to dispute their authority, the rule being summary and expeditious, and yet sufficiently cautious for all the purposes of justice.
In England the only mode of reviving now in use, is by a bill of re-vivor, Mitford’s pleadings, 63, 64, 70, when a suit became abated after decree signed and enrolled, it was anciently the practice to revive the decree, by a subpoena in the nature of a scire facias, upon the return of which, the party served therewith, might show cause against the decree, 4. But if there had been any proceedings subsequent to the decree, this *181 process was ineffective as it revived the decree only, and the subsequent proceedings could not be revived but by bill, and the enrollment of decrees being now much disused, it is become the practice to revive in all cases indiscriminately by bill. Mitford’s pleadings’ 15.
We are content with the present order, but as it may, from its novel character, have taken the party by surprise and as courts are always anxious to afford every opportunity for parties litigant to appear and represent their interests, we think it is our duty to extend the rule to the next term, not meaning, however, to be held to this precedént when this proceeding of the court in calling in non-resident representatives of a deceasr ed party shall have been known from longer usage.